IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RENE MYRON GARDNER,<br><br>Defendant. | CR 19–29–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Rene Myron Gardner's Unopposed Motion for Early Termination of Supervised Release. (Doc. 72.) Mr. Gardner was adjudged guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, § 841(b)(1)(A). (Doc. 61 at 1.) On January 23, 2020, Mr. Gardner was sentenced to a term of imprisonment of twelve months and one day with three years of supervised release to follow. (*Id.* at 2–3.) Mr. Gardner completed his term of imprisonment on December 23, 2020. (Doc. 73 at 2.) As of the date of this order, he completed more than two years of his three-year term of supervised release. He now seeks termination of the remaining term of supervised release. (Doc. 72.) The United States does not object to the motion. (*Id.* at 2.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

1

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Gardner began his term of supervised release on December 23, 2020 (Doc. 73 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Gardner's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Gardner waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Gardner's supervised release is obviously favorable to him, and the United States did not object. (Doc. 72.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Gardner's remaining term of supervised release. Mr. Gardner is currently supervised on the low-risk caseload, he is diligent in his monthly reporting, and he has never had a violation of his conditions of supervised release as far as this Court is aware. (Doc. 73 at 4.) Mr. Gardner has significant health issues, including a colon cancer diagnosis for which he has undergone surgery and which medical professionals are continuing to monitor. (*Id.* at 4–5.) Mr. Gardner's original sentence reflected the Court's view that he played a minor role in the offense at issue, and Mr. Gardner's completion of most of his term of supervised release without any reported violations indicates that he has been deterred from future criminal conduct. The Court concludes that the § 3553(a) factors support early termination of his term of supervised release. The Court wishes Mr. Gardner the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 72) is GRANTED.

IT IS FURTHER ORDERED that Mr. Gardner's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 25th day of April, 2022.

_____
Dana L. Christensen, District Judge
United States District Court